HARRIS COX v. JOHN F. TRUITT, COLLECTOR.

The act of 1893 (*Pamph. L., p.* 280), which provides for the assessment of taxes on official mortgages to the person having the beneficial interest therein, is unconstitutional, because of its special character, in that it fails to extend its provisions to all mortgages of like nature made to officers of the several courts of this state.

On *certiorari.*

Argued at November Term, 1894, before Justices REED and GARRISON.

For the prosecutor, *S. Meredith Dickinson.*

For the defendant, *Robert S. Clymer.*

The opinion of the court was delivered by

GARRISON, J. This writ brings up the assessment of a tax on the principal sum of a mortgage given in partition proceedings under an order of the Court of Chancery. The prosecutor is the beneficiary for life of half of the income under the will of his father. The assessment of this tax to the prosecutor is resisted by him upon several grounds, of which one only need be noticed, viz., that the statute under which the assessment is made is special, and hence unconstitutional. The act in question is a supplement to the "Act concerning taxes." *Pamph. L.* 1893, *p.* 280. The evident purpose of this enactment is to permit the collection of the

taxes imposed on these official mortgages from the beneficiaries thereof. Its fatal defect is that it proceeds upon an imperfect classification. An act of like import was before this court in the case of *Shotwell* v. *Dalrymple*, 20 *Vroom* 530, and was held to be unconstitutional, in that it did not include in its operation all official mortgages having substantially like characteristics. The act now before us is open to the same criticism, in that it fails to extend its provisions to mortgages made under the order of the Prerogative Court. *Rev., tit.* *"Partition,"* § 10.

The assessment to the prosecutor is invalid, and must be set aside.